1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| THE POLICE AND FIRE RETIREMENT SYSTEM OF THE CITY OF DETROIT, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>ROSEMARY A. CRANE, PATRICK D. SPANGLER, PATRICK S. JONES, PETER C. BRANDT, PHILIPPE O. CHAMBON, DARREN W. COHEN, THOMAS L. HARRISON, GILBERT H. KLIMAN, JOHN E. VORIS, MARK A. WAN, JACOB J. WINEBAUM, J.P. MORGAN SECURITIES LLC, PIPER JAFFRAY & CO., WILLIAM BLAIR & COMPANY, L.L.C., JMP SECURITIES LLC, and EPOCRATES, INC.,<br><br>Defendants. | Case No. 5:13-cv-00945-LHK<br><br>**ORDER APPOINTING POLICE AND FIRE RETIREMENT SYSTEM OF THE CITY OF DETROIT AS LEAD PLAINTIFF AND APPROVING ITS SELECTION OF LEAD COUNSEL; ORDER VACATING OCTOBER 31, 2013 HEARING** |

WHEREAS, plaintiff and putative class member the Police and Fire Retirement System of the City of Detroit ("City of Detroit") has moved, pursuant to Section 21D of the Securities Exchange Act of 1934, 15 U.S.C. §78u-4(a)(3)(B), and Section 27 of the Securities Act of 1933, 15 U.S.C. §77z-1(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995, for appointment as lead plaintiff and for approval of its selection of Scott+Scott, Attorneys at Law, LLP ("Scott+Scott") and Glancy Binkow & Goldberg LLP ("Glancy Binkow") as lead counsel for plaintiffs and the Class, and good cause appearing therefore:

IT IS HEREBY ORDERED as follows:

1.      The October 31, 2013 hearing on the City of Detroit's Motion for Appointment as Lead Plaintiff is VACATED because the Court finds that, pursuant to Civil Local Rule 7–1(b), this matter is appropriate for determination without oral argument.

2.      The Court finds that the City of Detroit is the most adequate Lead Plaintiff to represent the Class in the above-captioned action.  No other entity has filed a motion for appointment as lead plaintiff.  Moreover, there have been no objections to the City of Detroit's being appointed as Lead Plaintiff.

3.      Furthermore, the Court finds that appointing the City of Detroit as Lead Plaintiff is supported by the following facts: (1) the City of Detroit "filed [the] Complaint" in this action; (2) the City of Detroit has "the largest financial interest in the relief sought by the class," *see* Declaration of Hal D. Cunningham ("Cunningham Decl."), ECF No. 19, Ex. B; and (3) the City of Detroit "otherwise satisfies the requirements of Rule 23."   15 U.S.C.A. §  78u-4(a)(3)(B)(iii)(I).  In determining whether a plaintiff satisfies the requirements of Rule 23 for the purposes of being appointed lead counsel, the Court is particularly concerned with the requirements of typicality and adequacy.  *See In re Cavanaugh*, 306 F.3d 726, 730 (9th Cir. 2002) (holding that lead plaintiff must "satisf[y] the requirements of Rule 23(a), in particular those of 'typicality' and 'adequacy'").  Here, the City of Detroit has made a sufficient showing that it satisfies the typicality requirement because the City of Detroit, like other members of the purported class, purchased Epocrates common stock during the Class Period, allegedly in reliance upon Defendants' purported false and misleading

[PROPOSED] ORDER APPOINTING POLICE AND FIRE RETIREMENT SYSTEM OF THE CITY OF DETROIT AS LEAD PLAINTIFF AND APPROVING ITS SELECTION OF LEAD COUNSEL

1

5:13-cv-00945-LHK

1   statements, and allegedly suffered damages as a result.  Mot. at 7; *see also City of Dearborn Heights*

2   *Act 345 Police & Fire Ret. Sys. v. Align Tech., Inc.*, 12-CV-06039-LHK, 2013 WL 2368059, at *4

3   (N.D. Cal. May 29, 2013) (holding that typicality requirement was satisfied for the purposes of

4   appointing lead counsel where the plaintiff demonstrated that "like all other members of the

5   purported class, the [plaintiff] purchased Align common stock during the Class Period, allegedly in

6   reliance upon Defendants' purported false and misleading statements, and allegedly suffered

7   damages as a result").  The City of Detroit has also made a sufficient showing that it satisfies the

8   adequacy requirement because the City of Detroit does not appear to "'have any conflicts of interest

9   with other class members'" and has demonstrated its willingness to "prosecute the action vigorously

10   on behalf of the class" by filing the first Complaint in this matter.  *See City of Dearborn Heights*,

11   2013 WL 2368059 at *4 (quoting *Staton v. Boeing Co.,* 327 F.3d 938, 957 (9th Ci r.2003)).

12   Accordingly, the Court finds that, for the purposes of appointing the City of Detroit as Lead Plaintiff,

13   Rule 23's requirements are met.  The Court therefore appoints the City of Detroit as Lead Plaintiff.

14         4.        Lead Plaintiff has selected Scott+Scott and Glancy Binkow to serve as Lead Counsel.

15   No objection has been filed, and no other counsel have filed a motion for appointment as lead

16   counsel.  Both Scott+Scott and Glancy Binkow have extensive experience litigating these types of

17   securities matters and appear to be able to adequately represent the class.  *See* Cunningham Decl.,

18   Exs. C and D.  The Court therefore approves Lead Plaintiff's selection of Scott+Scott and Glancy

19   Binkow as Lead Counsel.  *See City of Dearborn Heights*, 2013 WL 2368059, at *4 ("The decision of

20   lead counsel belongs to the lead plaintiff.") (citing *Staton,* 327 F.3d at 957).

21         5.        Lead Counsel shall have the authority to speak for all plaintiffs and class members in

22   all matters regarding the litigation, including, but not limited to, pre-trial proceedings, motion

23   practice, trial and settlement, and shall make all work assignments in such a manner as to facilitate

24   the orderly and efficient prosecution of this litigation and to avoid duplicative or unproductive effort.

25   Additionally, Lead Counsel shall have the following responsibilities:

26         (a)       to brief and argue motions;

27

28

[PROPOSED] ORDER APPOINTING POLICE AND FIRE RETIREMENT SYSTEM OF THE CITY OF DETROIT AS LEAD PLAINTIFF AND APPROVING ITS SELECTION OF LEAD COUNSEL    2

5:13-cv-00945-LHK

1        (b)    to initiate and conduct discovery, including, without limitation,

2  coordination of discovery with defendants' counsel, the preparation of written

3  interrogatories, requests for admission, and requests for production of documents;

4        (c)    to direct and coordinate the examination of witnesses in depositions;

5        (d)    to act as spokesperson at pretrial conferences;

6        (e)    to call and chair meetings of plaintiffs' counsel as appropriate or necessary

7  from time to time;

8        (f)    to initiate and conduct any settlement negotiations with counsel for

9  defendants;

10        (g)    to provide general coordination of the activities of plaintiffs' counsel and

11  to delegate work responsibilities to selected counsel as may be required in such a manner

12  as to lead to the orderly and efficient prosecution of this litigation and to avoid

13  duplication or unproductive effort;

14        (h)    to consult with and employ experts;

15        (i)    to receive and review periodic time reports of all attorneys on behalf of

16  plaintiffs, to determine if the time is being spent appropriately and for the benefit of

17  plaintiffs, and to determine and distribute plaintiffs' attorneys' fees; and

18        (j)    to perform such other duties as may be expressly authorized by further

19  order of this Court.

20      6.    Lead Counsel shall be responsible for coordinating all activities and appearances on

21  behalf of the Class and for disseminating notices and orders of this Court.

22      7.    No motion, application, or request for discovery shall be served or filed, or other

23  pretrial proceedings initiated, on behalf of Lead Plaintiff, except through Lead Counsel.

24      8.    All notices, proposed orders, pleadings, motions, discovery, and memoranda

25  requiring a response in less than 30 days shall be served upon Lead Counsel and defense counsel by

26  the Court's Electronic Case Filing ("ECF") system, overnight mail service, telecopy, and/or hand

27  delivery.

28

[PROPOSED] ORDER APPOINTING POLICE AND FIRE RETIREMENT SYSTEM OF THE CITY    3
OF DETROIT AS LEAD PLAINTIFF AND APPROVING ITS SELECTION OF LEAD COUNSEL

5:13-cv-00945-LHK

9.       All other service shall take place by regular mail.

10.       Lead Counsel for the Class shall be available and responsible for communications to and from the Court.

11.       Defendants' counsel may rely upon all agreements made with Lead Counsel, or other duly authorized representatives of Lead Plaintiff.

12.       This Order shall apply to each case subsequently filed in this Court or transferred to this Court, unless a party objecting to the consolidation of such case or to any other provision of this Order files within ten (10) days after the date upon which a copy of this Order is mailed to counsel for such party, an application for relief from this Order or any provision herein and this Court deems it appropriate to grant such application.

IT IS SO ORDERED.

DATED: August 9, 2013

_____
HONORABLE LUCY H. KOH
UNITED STATES DISTRICT JUDGE

Submitted by:

/s Hal D. Cunningham
Hal D. Cunningham
SCOTT+SCOTT, ATTORNEYS AT LAW, LLP
707 Broadway, Suite 1000
San Diego, CA 92101
Telephone: 619-233-4565
Facsimile: 619-233-0508
Email: hcunningham@scott-scott.com

[PROPOSED] ORDER APPOINTING POLICE AND FIRE RETIREMENT SYSTEM OF THE CITY OF DETROIT AS LEAD PLAINTIFF AND APPROVING ITS SELECTION OF LEAD COUNSEL

4