LIONEL Z. GLANCY (#134180)
JOSHUA L. CROWELL (#295411)
ROBERT V. PRONGAY (#270796)
CASEY E. SADLER (#274241)
GLANCY PRONGAY & MURRAY LLP
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160

BETH A. KASWAN (*pro hac vice*)
DEBORAH CLARK-WEINTRAUB (*pro hac vice*)
DONALD A. BROGGI
AMANDA F. LAWRENCE (*pro hac vice*)
SCOTT+SCOTT, ATTORNEYS AT LAW, LLP
The Chrysler Building
405 Lexington Avenue, 40th Floor
New York, New York 10174
Telephone: (212) 223-6444
Facsimile: (212) 223-6334

*Attorneys for Lead Plaintiff Fire Retirement System of the City of Detroit and the Class*

*[Additional counsel appear on signature page.]*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| POLICE AND FIRE RETIREMENT SYSTEM OF THE CITY OF DETROIT, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> vs. <br><br> ROSEMARY A. CRANE, PATRICK D. SPANGLER, and EPOCRATES, INC., <br><br> Defendants. | Case No. 13-cv-00945-VC <br><br> **[PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE OF PROPOSED SETTLEMENT** |

1    WHEREAS, a class action is pending before the Court entitled *Police and Fire Retirement System of the City of Detroit v. Crane et al.*, Case No. 13-cv-00945-VC, United States District Court for the Northern District of California (the "Litigation");

4    WHEREAS, the Court has received the Stipulation of Settlement dated as of October 30, 2015 (the "Stipulation"),[1] which has been entered into by Lead Plaintiff and Defendants, and the Court has reviewed the Stipulation and the exhibits annexed thereto;

7    WHEREAS, the Parties having made application, pursuant to Federal Rule of Civil Procedure 23(e), for an order preliminarily approving the Settlement of this Litigation, in accordance with the Stipulation which sets forth the terms and conditions for a proposed settlement of the Litigation and for dismissal of the Litigation with prejudice upon the terms and conditions set forth therein; and the Court having read and considered the Stipulation and the exhibits annexed thereto;

13   NOW, THEREFORE, IT IS HEREBY ORDERED:

14   1.    The Court does hereby preliminarily approve the Stipulation and the Settlement set forth therein, subject to further consideration at the Settlement Hearing described below.

16   2.    The Court finds that: (a) the Stipulation resulted from arm's-length negotiations; and (b) the Stipulation is sufficiently fair, reasonable and adequate as to the Settlement Class Members to warrant providing notice of the Settlement to Settlement Class Members for consideration and holding a Settlement Hearing.

20   3.    A hearing (the "Settlement Hearing") shall be held before this Court on _____, 2016, at ___:___ _.m., to determine whether the proposed Settlement of the Litigation on the terms and conditions provided for in the Stipulation is fair, reasonable and adequate to the Settlement Class and should be approved by the Court; whether to certify a Settlement Class for purposes of the Settlement; whether a Judgment finally approving the Settlement should be entered herein; whether the proposed Plan of Allocation should be approved; whether to grant Lead Counsel's request of attorneys' fees and expenses; and whether to grant

---

[1] For purposes of this Order, the Court adopts all defined terms as set forth in the Stipulation, and the terms used herein shall have the same meaning as in the Stipulation.

1 Lead Plaintiff's reimbursement of its reasonable costs and expenses (including lost wages) directly 2 related to representation of the Settlement Class.

3     4.    Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court 4 preliminarily certifies, solely for the purposes of effectuating this Settlement, a Settlement Class 5 consisting of all Persons who purchased or otherwise acquired the common stock of Epocrates, 6 Inc. ("Epocrates" or the "Company") between February 1, 2011 through August 9, 2011, inclusive 7 (the "Settlement Class"), and were allegedly damaged thereby. Excluded from the Settlement 8 Class are Defendants, members of the immediate families of the Individual Defendants, the 9 officers and directors of the Company during the Settlement Class Period, the legal 10 representatives, heirs, successors, or assigns of any of the foregoing excluded Persons and any 11 entity in which any of the Defendants have or had a controlling interest. Also excluded from the 12 Settlement Class are those Persons who submit valid and timely requests for exclusion in 13 accordance with the requirements set forth in the Notice. There has been no prior notice to 14 Settlement Class Members of the certification of the Settlement Class in this Litigation or prior 15 opportunity for any Person to request to be excluded from the Settlement Class.

16     5.    Solely for purposes of the Stipulation and the Settlement, the Lead Plaintiff is 17 hereby certified as the class representative pursuant to Rule 23(b)(3) of the Federal Rules of Civil 18 Procedure. Lead Counsel is appointed as class counsel for purposes of the Settlement.

19     6.    The Court approves, as to form and content, the Notice of Proposed Settlement of 20 Class Action, Motion for Attorneys' Fees and Expenses, and Settlement Hearing (the "Notice"), 21 the Proof of Claim and Release form (the "Proof of Claim"), and Summary Notice ("Summary 22 Notice") annexed respectively as Exhibits A-1, A-2 and A-3 hereto. The Court further finds that 23 the mailing and distribution of the Notice and publishing of the Summary Notice, substantially in 24 the manner and form set forth in this Order: (i) meet the requirements of Rule 23 of the Federal 25 Rules of Civil Procedure and the Due Process Clause of the U.S. Constitution, (ii) are reasonably 26 calculated, under the circumstances, to describe the terms and effect of the Stipulation and the 27 Settlement; (iii) apprise Settlement Class Members of their right to object to the proposed

28

Settlement or to exclude themselves from the Settlement Class; and (iv) provide the best notice practicable under the circumstances and shall constitute due and sufficient notice to all Persons entitled thereto.

7. Pending final determination by the Court as to whether the Settlement, as set forth in the Stipulation, is fair, reasonable, and adequate, and should be finally approved, and whether the Judgment dismissing the Litigation with prejudice should be approved, no Settlement Class Member, either directly, representatively, or in any other capacity, shall assert, commence, or prosecute against any of the Released Persons, any of the Released Claims in this Litigation, or in any other proceeding or forum.  This injunction is necessary to protect and effectuate the Settlement, this Order, and the Court's flexibility and authority to effectuate the Settlement and to enter judgment when appropriate, and is ordered in aid of the Court's jurisdiction and to protect its judgments.

8. The Court appoints Kurtzman Carson Consultants, LLC ("KCC") ("Claims Administrator") to supervise and administer the notice procedure as well as the processing of claims under the supervision of Lead Counsel, as more fully set forth below:

    a. Not later than fifty-five (55) business days after entry of this Order (the "Notice Date"), the Claims Administrator shall cause a copy of the Notice and the Proof of Claim, substantially in the forms annexed as Exhibits A-1 and A-2 hereto, to be mailed to all Settlement Class Members who can be identified with reasonable effort.  Such notice shall be sent by first-class mail, postage prepaid, to the Settlement Class Member's last known address;

    b. Not later than fifty-five (55) business days after the Notice Date, the Claims Administrator shall cause the Stipulation and its exhibits in final form and a copy of the Notice to be posted on the following website: www._____.com;

    c. Not later than fifty-five (55) business days after the Notice Date, the Claims Administrator shall cause the Summary Notice to be published once in *Investor's Business*

1  *Daily*, and on a different day shall cause the Summary Notice to be published once in *PR*
2  *Newswire*; and
3        d.    Not later than one hundred and five (105) calendar days after the Notice
4  Date, Lead Counsel shall cause to be served on Defendants' Counsel and filed with the
5  Court proof, by affidavit or declaration, of such mailing, publishing and posting.
6      9.    Not later than ten (10) calendar days after the Stipulation was filed in this Court,
7  Defendants shall provide notice of the proposed Settlement to appropriate Federal and State
8  officials required by the Class Action Fairness Act of 1995, 28 U.S.C. §1715 ("CAFA Notice").
9  Not later than 105 days after the Notice Date, Defendants shall file with the Court an affidavit or
10 declaration showing timely compliance with this CAFA Notice directive.
11     10.    Banks, brokerage firms, institutions, and other Persons who are nominees who
12 purchased or acquired the common stock of Epocrates for the beneficial interest of other Persons
13 during the Settlement Class Period ("Nominee Purchasers"), shall within ten (10) calendar days of
14 receipt thereof (a) provide to the Claims Administrator the name and last known address of each
15 Person for whom they purchased Epocrates common stock during such the Settlement Class
16 Period or (b) request additional copies of this Notice and the Proof of Claim, which will be
17 provided to them free of charge, and within ten (10) calendar days mail the Notice and Proof of
18 Claim directly to the beneficial owners of Epocrates common stock. If Nominee Purchasers
19 choose to follow alternative procedure (b), upon such mailing, they must send a statement to the
20 Claims Administrator confirming that the mailing was made as directed and retain the names and
21 addresses for any future mailings to Settlement Class Members. If requested and upon appropriate
22 supporting documentation, Lead Counsel and/or the Claims Administrator are authorized to
23 reimburse Nominee Purchasers solely for their reasonable out-of-pocket expenses incurred in
24 providing the Notice and the Proof of Claim to beneficial owners who are Settlement Class
25 Members out of the Settlement Fund, which expenses would not have been incurred except for the
26 sending of such Notice and Proof of Claim, subject to further order of this Court with respect to
27 any dispute concerning such compensation.
28

1          11.     Any Person falling within the definition of the Settlement Class may, upon request, be excluded from the Settlement Class.  Any such Person must submit to the Claims Administrator a request for exclusion ("Request for Exclusion"), sent by first-class mail and postmarked no later than twenty-one (21) calendar days prior to the Settlement Hearing or such other date as set by the Court to the address provided in the Notice.  A Request for Exclusion must state: (a) the name, address, telephone number and email address of the Person requesting exclusion; (b) each of the Person's purchases and sales of Epocrates common stock made during the Settlement Class Period, including the dates of purchase or sale, the number of shares purchased and/or sold, and the price paid or received per share for each such purchase or sale; and (c) that the Person wishes to be excluded from the Settlement Class.  A Request for Exclusion shall not be effective unless it provides the required information set forth herein and in the Notice and is made within the time stated herein, or the Request for Exclusion is otherwise accepted by the Court.  All Persons who submit valid and timely Requests for Exclusion shall have no rights under the Settlement, shall not share in the distribution of the Net Settlement Fund, and shall not be bound by the Settlement or the Judgment entered in this Litigation.

        12.     Unless otherwise ordered by the Court, all Persons who fall within the definition of the Settlement Class and who do not timely and validly request to be excluded from the Settlement Class in accordance with the instructions set forth above and in the Notice shall be subject to and bound by all provisions in the Stipulation, and by all proceedings, rulings, orders, and judgments in the Litigation regardless of whether such Settlement Class Member submits a Proof of Claim form.

        13.     Settlement Class Members who wish to collect in the Settlement shall complete and submit Proof of Claim forms in accordance with the instructions contained therein.  All Proof of Claim forms must be sent by first-class mail and postmarked no later than one hundred and fifty (150) calendar days after the Notice Date or such other date as may be set by the Court.  Any Settlement Class Member who does not timely submit a Proof of Claim form within the time provided for shall be barred from sharing in the distribution of the proceeds of the Net Settlement

1  Fund, unless otherwise ordered by the Court, but will in all other respects be subject to and bound
2  by the provisions of the Stipulation and the final Judgment, including the releases contained
3  therein.
4      14.    Any Settlement Class Member who wishes to object to the fairness, reasonableness,
5  or adequacy of the Settlement, to the Plan of Allocation, to any term of the Stipulation, or to the
6  proposed awards of attorneys' fees and expenses or to the award to Lead Plaintiff of costs and
7  expenses, may file an objection. An objector must file with the Clerk of the United States District
8  Court for the Northern District of California, a written statement of his, her or its objection
9  (a) clearly indicating the objector's name, mailing address, daytime telephone number, and e-mail
10 address; (b) specifying the reason(s) for each objection, including any legal support and/or
11 evidence that such objector wishes to bring to the Court's attention; and (c) identifying and
12 supplying documentation showing the dates, prices, and numbers of shares of all purchases and
13 sales of Epocrates common stock by such objector during the Settlement Class Period.  The
14 objector or the objector's counsel may file the objection in person or by first-class mail at the
15 following address:

> Clerk of the Court
> U.S. District Court for the Northern District of California
> 450 Golden Gate Avenue
> San Francisco, CA 94102

If the objection is filed in person, it must be received by the Clerk of the Court no later than twenty-one (21) calendar days prior to the Settlement Hearing.  If the objection is filed by first-class mail, it must be postmarked no later than twenty-one (21) calendar days prior to the Settlement Hearing.

    The objector or the objector's counsel must also serve by first-class mail, postmarked no later than twenty-one (21) calendar days prior to the Settlement Hearing, the objection and all supporting documentation to Lead Counsel and Defendants' Counsel as follows:

> *To Lead Counsel*:
> Joshua L. Crowell, Esq.
> Glancy Prongay & Murray LLP
> 1925 Century Park East, Suite 2100
> Los Angeles, California 90067

*To Defendants' Counsel*:
Deborah S. Birnbach, Esq.
Goodwin Procter LLP
53 State Street
Boston, MA 02109

A Settlement Class Member may file an objection on his, her or its own or through an attorney hired at his, her or its own expense.  Any Settlement Class Member who does not make his, her or its objection in the manner provided above shall be deemed to have waived such objection and shall forever be foreclosed from making any objection, unless otherwise ordered by the Court.  Untimely objections shall be barred.  Any submissions by the Parties in opposition or response to objections shall be filed with the Court no later than seven (7) days before the Settlement Hearing.

15. Any objector who submits a timely, written objection in accordance with the instructions herein, may also appear at the Settlement Hearing either in person or through counsel retained at the objector's expense.  Objectors or their attorneys intending to appear at the Settlement Hearing must serve by first-class mail, postmarked no later than twenty-one (21) calendar days before the Settlement Hearing, a notice of intention to appear, setting forth the name, mailing address, daytime phone number, and e-mail address of the objector and of the objector's attorney (if any) on Lead Counsel and on Defendants' Counsel.  The objector must also file the notice of intention to appear with the Court, either in person or by first-class mail.  If the notice is filed in person, it must be received by the Clerk of the Court no later than twenty-one (21) calendar days before the Settlement Hearing; if the notice is filed by first-class mail, it must be postmarked no later than twenty-one (21) calendar days before the Settlement Hearing.  Any objector who does not timely file and serve a notice of intention to appear in accordance with this paragraph shall not be permitted to appear at the Settlement Hearing, except otherwise ordered by the Court.

16. All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Stipulation or further order of the Court.

17. All papers in support of the Settlement (excluding the Supplemental Agreement), Plan of Allocation, Lead Counsel's Fee and Expense Award, and the Lead Plaintiff Cost and Expense Award shall be filed and served not later than thirty-five (35) calendar days prior to the Settlement Hearing.

18. Neither Defendants nor any of the Released Persons shall have any responsibility for or liability with respect to the Plan of Allocation, any application for attorneys' fees or expenses submitted by Lead Counsel, or any application for Lead Plaintiff's reimbursement of costs and expenses (including lost wages) directly related to its representation of the Settlement Class, and such matters will be considered separately from the fairness, reasonableness and adequacy of the Settlement.

19. All reasonable Notice and Administration Expenses incurred in identifying and notifying Settlement Class Members, as well as administering the Settlement, shall be paid as set forth in the Stipulation. In the event the Settlement is not approved by the Court, or otherwise fails to become effective, neither Lead Plaintiff nor Lead Counsel shall have any obligation to repay any amounts actually and properly disbursed from the Settlement Fund pursuant to this Paragraph.

20. Neither the Stipulation, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession by the Defendants of the truth of any of the allegations in the Litigation, or of any liability, fault, or wrongdoing of any kind and shall not be construed as, or deemed to be evidence of, or an admission, or concession that Lead Plaintiff or any Settlement Class Members have suffered any damages, harm, or loss.

21. In the event that the Settlement does not become effective in accordance with the terms of the Stipulation or the Effective Date does not occur, then this Order shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

22. Pending the Settlement Hearing, the Court stays all proceedings in the Litigation, other than proceedings necessary to carry out or enforce the terms and conditions of the Stipulation.

23. The Court reserves the right to adjourn the date of the Settlement Hearing without further notice to the Settlement Class Members, and retains jurisdiction over the Litigation to consider all further matters arising out of or connected with the Settlement. The Court may approve the Settlement, with such modifications as may be agreed to by the Settling Parties, if appropriate, without further notice to the Settlement Class.

DATED: _____

The Honorable Vince Chhabria
United States District Judge