LIONEL Z. GLANCY (#134180)
ROBERT V. PRONGAY (#270796)
JOSHUA L. CROWELL (#295411)
GLANCY PRONGAY & MURRAY LLP
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160
Email: jcrowell@glancylaw.com

BETH A. KASWAN (*pro hac vice*)
DEBORAH CLARK-WEINTRAUB (*pro hac vice*)
AMANDA F. LAWRENCE (*pro hac vice*)
SCOTT+SCOTT, ATTORNEYS AT LAW, LLP
The Helmsley Building
230 Park Avenue, 17th Floor
New York, NY 10169
Telephone: (212) 223-6444
Facsimile: (212) 223-6334

*Attorneys for Lead Plaintiff Police and Fire Retirement System of the City of Detroit and the Class*

[Additional counsel appear on signature page.]

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| POLICE AND FIRE RETIREMENT SYSTEM OF THE CITY OF DETROIT, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>ROSEMARY A. CRANE, PATRICK D. SPANGLER, and EPOCRATES, INC.,<br><br>Defendants. | Case No. 13-cv-00945-VC<br><br>**PLAINTIFF'S NOTICE OF UNOPPOSED MOTION AND UNOPPOSED MOTION FOR DISTRIBUTION OF CLASS SETTLEMENT FUND; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Hearing Date: September 21, 2017<br>Time: 10:00 a.m.<br>Location: Courtroom 4, 17th Floor<br>Judge: Hon. Vince Chhabria |

TO THE CLERK OF THE COURT AND ALL PARTIES AND THEIR RESPECTIVE COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on September 21, 2017, at 10:00 a.m., or as soon thereafter as the matter may be heard in the Courtroom of the Honorable Vince Chhabria, United States District Court Judge, at the United States District Court for the Northern District of California, 450 Golden Gate Avenue, San Francisco, CA 94102, Plaintiff Police and Fire Retirement System of the City of Detroit ("Plaintiff") will respectfully move for entry of an order: (i) approving the administrative determinations of Kurtzman Carson Consultants LLC ("KCC") accepting and rejecting the submitted claims; (ii) directing payment of KCC administrative costs and fees incurred, and to be incurred, in connection with services performed, and to be performed, by KCC in administering and distributing the Settlement Fund; (iii) directing distribution of the Net Settlement Fund (after deduction of KCC's costs and fees) to Class Members whose Proofs of Claim have been accepted; (iv) approving Lead Counsel's selection of Bay Area Legal Aid to receive any residual remaining in the Net Settlement Fund six months after the date of distribution; (v) barring any further claims against the Settlement Fund and release and discharge all persons involved in the administration of the Settlement from any and all claims arising out of such involvement; and (vi) authorizing destruction of paper copies of Proof of Claim forms one year after distribution of the Net Settlement Fund and destruction of electronic copies of claim records three years after distribution of the Net Settlement Fund.

This Motion is based upon Plaintiff's Memorandum of Points and Authorities in Support of Plaintiff's Unopposed Motion for Distribution of Class Settlement Fund, the contemporaneously-filed [Proposed] Order, the declarations submitted in support thereof; all other papers, pleadings and proceedings herein; and such other argument as the Court may permit. Lead Counsel has conferred with counsel for Defendants, who indicated that they do not oppose the relief requested herein.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.  INTRODUCTION**

This unopposed motion seeks an order: (i) approving the administrative determinations of the Court-appointed Claims Administrator, Kurtzman Carson Consultants LLC ("KCC" or the "Claims

NOTICE OF UNOPPOSED MOTION AND UNOPPOSED MOTION FOR DISTRIBUTION OF CLASS SETTLEMENT FUND; MEMORANDUM IN SUPPORT - Case No. C-13-00945-VC

1

Administrator"), accepting and rejecting submitted claims; (ii) directing distribution of the Settlement Fund (after deduction of KCC's costs and fees), to Class Members whose Proofs of Claim have been accepted; and (iii) authorizing payment to KCC for its costs and fees for services performed, and remaining services to be performed, in administering and distributing the Settlement Fund; (iv) barring further claims against the Settlement Fund and releasing all persons involved in the administration of the Settlement from any claims arising out of such involvement; (v) authorizing distribution to Bay Area Legal Aid of any residual amount remaining in the Settlement Fund six months after the date of final distribution (whether by reason of tax refunds, uncashed checks, or otherwise) to authorized claimants; and (vi) authorizing destruction of paper copies of Proof of Claim forms one year after, and of electronic copies of claim records three years after, the distribution of the Net Settlement Fund.

## II. THE ADMINISTRATIVE DETERMINATIONS OF THE CLAIMS ADMINISTRATOR SHOULD BE APPROVED

Pursuant to the Stipulation, and as set forth in the Notice disseminated in connection with the Settlement, all Class Members wishing to participate in the Net Settlement Fund were required to submit valid and timely Proof of Claim forms. KCC received and reviewed 2,490 unique claims. *See* accompanying Distribution Affidavit of Michael Joaquin, dated July 25, 2017 ("Joaquin Aff."), ¶7. If a claim was deficient in any regard, KCC notified the claimant of the deficiency and advised the claimant as to possible ways to cure it. *Id*., ¶20. The claims administration process (other than distribution of actual checks) is now complete, and KCC has determined that (a) 659 claims should be accepted and (b) 1,831 claims should be rejected as ineligible, deficient or as involving no recognized loss under the Plan of Allocation. *Id*., ¶31. Significantly, although all claimants were given the opportunity to challenge KCC's determinations and were advised of their right to seek review by this Court of KCC's determinations, and KCC did not receive any requests for Court review. *Id*., ¶22.

Moreover, no claim was rejected by KCC solely because it was received after the submission deadline, and no delay has resulted from the acceptance of these late claims. *Id*., ¶24. It is Plaintiff's and KCC's belief that, when the equities are balanced, it would be unfair to prevent an

NOTICE OF UNOPPOSED MOTION AND UNOPPOSED MOTION FOR DISTRIBUTION OF CLASS SETTLEMENT FUND; MEMORANDUM IN SUPPORT - Case No. C-13-00945-VC

2

otherwise valid claim from participating in the Net Settlement Fund solely because it was submitted after the cut-off date, but while claims were still being processed. Accordingly, it is respectfully requested that this Court approve KCC's administrative determination not to reject claims submitted after the deadline solely because of lateness.

There must, however, be a final cut-off date after which no more claims may be accepted so that the proportional distribution of the Net Settlement Fund can be made. Acceptance of any claim received after July 14, 2017 would require a delay in the distribution. Plaintiff therefore requests that this Court enter an Order directing that no claim received after July 14, 2017 be accepted for any reason whatsoever. *See In re Gypsum Antitrust Cases*, 565 F.2d 1123, 1127 (9th Cir. 1977) ("in the distribution of a large class action settlement fund, 'a cutoff date is essential and at some point the matter must be terminated.'") (citation omitted); *In re Orthopedic Bone Screw Prods. Liab. Litig.*, 246 F.3d 315, 329 (3d Cir. 2001) (same).

For the reasons set forth above and in the Joaquin Affidavit, Plaintiff respectfully requests that the Court approve KCC's administrative determinations accepting and rejecting claims.[1]

### III. THE CLAIMS ADMINISTRATOR'S REQUESTED ADDITIONAL FEES AND EXPENSES SHOULD BE APPROVED

Pursuant to the Stipulation and Preliminary Approval Order, the Escrow Agent made initial payments totaling $38,956.64 from the Settlement Fund for reasonable costs and expenses incurred by KCC in connection with issuing Notice to the Class. However, in addition to printing and mailing the Notice to over 10,108 potential Class members (*see* Joaquin Aff. at ¶4), KCC has now also processed the proofs of claim and prepared tax returns for the Settlement Fund, and will soon be distributing settlement checks to Authorized Claimants. Based on the work performed (and yet to be performed by KCC) described in the Joaquin Affidavit, Plaintiff therefore requests that the Court

---

[1] A list of the Proofs of Claim submitted and their ultimate disposition is contained in Exhibits B-1, B-2, and B-3 to the Joaquin Aff. Exhibit B-1, titled "Timely Eligible Claims," and Exhibit B-2, titled "Late, but Otherwise Eligible, Claims," list all accepted Proofs of Claim and state their total recognized claim amounts. Exhibit B-3, titled "Rejected Claims," lists all rejected Proofs of Claim. For privacy reasons, these exhibits give only the claimant's claim number and outcome, without giving names, addresses, taxpayer IDs or social security numbers).

NOTICE OF UNOPPOSED MOTION AND UNOPPOSED MOTION FOR DISTRIBUTION OF CLASS SETTLEMENT FUND; MEMORANDUM IN SUPPORT - Case No. C-13-00945-VC

3

authorize the disbursement of (a) an additional $43,852.88 from the Settlement Fund to KCC for payment in full for the balance of its administration fees and expenses already incurred, and (b) $9,275.10 for fees and expense yet to be incurred in connection with the printing and actual distribution of settlement checks to claimants and related services – for a total request of $53,127.98 Lead Counsel has reviewed KCC's request, and believes it is fair and reasonable.

## IV. THE COURT SHOULD AUTHORIZE THE DISTRIBUTION OF THE SETTLEMENT FUND TO APPROVED CLAIMANTS

Plaintiff also requests that the Court authorize distribution of the balance of the Settlement Fund (after deducting the additional administrative fees and expenses as requested herein) to Class Members whose claims have been accepted, in proportion to their recognized claims, as set forth in the accompanying Joaquin Affidavit and previously discussed at § I above.

Plaintiff further respectfully requests that all persons involved in the review, verification, calculation, tabulation or any other aspect of the processing of the claims submitted herein or otherwise involved in the administration of the Settlement Fund or the Net Settlement Fund and including Lead Counsel and KCC (collectively, "Released Persons"), be released and discharged from any and all claims arising out of such involvement, and that all Class Members be barred from making any further claim against the Net Settlement Fund or the Released Persons, beyond the amount allocated to them.

## V. THE COURT SHOULD AUTHORIZE THE DISPOSITION OF ANY UNCLAIMED/UNCASHED PORTION OF THE SETTLEMENT FUND AS PROVIDED FOR IN THE COURT-APPROVED STIPULATION

Some payments to be distributed to Class Members may not be cashed promptly. To encourage Class Members to promptly cash their distribution checks, and to avoid or reduce future expense relating to unpaid distributions, Lead Counsel proposes that all distribution checks bear the notation "CASH PROMPTLY; VOID AND SUBJECT TO RE-DISTRIBUTION IF NOT CASHED 120 DAYS AFTER ISSUE DATE."

Invariably, however, some settlement Class Members will still not cash their checks, leading to a residual balance in the Settlement Fund. The Stipulation provides that if any balance remains in the Settlement Fund six months after the date of distribution of the Settlement Fund (whether by

reason of tax refunds, uncashed checks, or otherwise), (1) any such balance shall be reallocated among Authorized Claimants in an equitable fashion, if logistically feasible and economically justifiable, and (2) after any such reallocation, (or within ten business days of any decision not to undertake a reallocation), any remaining balance be donated to Bay Area Legal Aid, a 501(c)(3) non-profit organization. See Stipulation, ¶5.3. The accompanying [Proposed] Order Granting Motion for Distribution of Class Settlement Fund ("Class Distribution Order") confirms the appropriateness of, and authorizes the implementation of, this method for distributing any residual amounts that may be left after the initial distribution to Class Members.

## VI. THE COURT SHOULD APPROVE THE CLAIMS ADMINISTRATOR'S PROPOSED RECORD RETENTION AND DESTRUCTION PLAN

Finally, Plaintiff requests that the Court order that KCC be allowed to destroy paper copies and all supporting documentation of the Proofs of Claim one year after distribution of the Net Settlement Fund, and that it be allowed to destroy the electronic copies of the Proofs of Claim and all supporting documentation, three years after such distribution.

## VII. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court grant their unopposed motion, and that it enter the [Proposed] Class Distribution Order submitted herewith.

DATED: August 1, 2017     GLANCY PRONGAY & MURRAY LLP

By:   *s/ Joshua L. Crowell*
Lionel Z. Glancy
Robert V. Prongay
Joshua L. Crowell
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160
Email: jcrowell@glancylaw.com

| | |
|---|---|
| 1 | Amanda F. Lawrence |
| | DAVID R. SCOTT |
| 2 | SCOTT+SCOTT, ATTORNEYS AT LAW, LLP |
| | 156 South Main Street, P.O. Box 192 |
| 3 | Colchester, Connecticut 06415 |
| 4 | Telephone: (860) 537-5537 |
| | Facsimile: (860) 537-4432 |
| 5 | Email: david.scott@scott-scott.com |
| 6 | |
| | Beth A. Kaswan |
| 7 | Deborah Clark-Weintraub |
| | Amanda F. Lawrence |
| 8 | The Helmsley Building |
| | 230 Park Avenue, 17th Floor |
| 9 | New York, NY 10169 |
| | Telephone: (212) 223-6444 |
| 10 | Facsimile: (212) 223-6334 |
| | Email: bkaswan@scott-scott.com |
| 11 | |
| 12 | *Attorneys for Lead Plaintiff* |

NOTICE OF UNOPPOSED MOTION AND UNOPPOSED MOTION FOR DISTRIBUTION OF CLASS
SETTLEMENT FUND; MEMORANDUM IN SUPPORT - Case No. C-13-00945-VC

6

| | |
|---|---|
| 1 | **PROOF OF SERVICE BY ELECTRONIC POSTING** |
| 2 | I, the undersigned say: |
| 3 | I am not a party to the above case, and am over eighteen years old.  On August 1, 2017, I served true and correct copies of the foregoing document, by posting the document electronically to the ECF website of the United States District Court for the Northern District of California, for receipt electronically by the parties listed on the Court's Service List. |
| 7 | I affirm under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on August 1, 2017, at Los Angeles, California. |

*s/ Joshua L. Crowell*
Joshua L. Crowell

# Mailing Information for a Case 3:13-cv-00945-VC Police and Fire Retirement System of the City of Detroit v. Crane et al

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Deborah Sager Birnbach**
  dbirnbach@goodwinprocter.com

- **Anne Louise Box**
  abox@scott-scott.com,edewan@scott-scott.com,efile@scott-scott.com

- **Deborah Clark-Weintraub**
  dweintraub@scott-scott.com,efile@scott-scott.com,aslaughter@scott-scott.com

- **Joshua L Crowell**
  jcrowell@glancylaw.com

- **Hal Davis Cunningham**
  hcunningham@scott-scott.com,efile@scott-scott.com

- **Lionel Z. Glancy**
  info@glancylaw.com,lglancy@glancylaw.com

- **Joseph P. Guglielmo**
  jguglielmo@scott-scott.com,edewan@scott-scott.com,tcrockett@scott-scott.com,efile@scott-scott.com

- **Michael T. Jones**
  mjones@goodwinlaw.com,AGutierrez@goodwinprocter.com,litigator@goodwinlaw.com,MOdiakosa@goodwinprocter.com

- **Beth A Kaswan**
  bkaswan@scott-scott.com

- **Amanda Lawrence**
  alawrence@scott-scott.com,rmcgraw@scott-scott.com,efile@scott-scott.com

- **Teodora Emilova Manolova**
  tmanolova@goodwinprocter.com

- **Robert Vincent Prongay**
  rprongay@glancylaw.com,info@glancylaw.com,echang@glancylaw.com,bmurray@glancylaw.com

- **Nicholas A Reider**
  nreider@goodwinlaw.com,MaryWong@goodwinlaw.com

- **Casey Edwards Sadler**
  csadler@glancylaw.com

- **Alexis L. Shapiro**
  ashapiro@goodwinprocter.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

**Donald Broggi**
Scott Scott LLP
The Chrysler Building
405 Lexington Avenue
40th Floor
New York, NY 10174